IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SHARON HUNT-RUBLE, as Administrator of the Estate of EDWIN R. RUBLE, Deceased, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LORD, WORRELL & RICHTER, INC., et al.,<br><br>Defendants. | Civil No. 10-4520 (JEI/AMD) |

### PROPOSED ORDER

THIS MATTER comes before the Court by way of motion [Doc. No. 18] of Plaintiffs, Sharon Hunt-Ruble, Norman A. Eccleston, Leo Zube, and Keith Hohenstein, seeking an order directing Defendant Raymond Worrell to show cause why sanctions should not be entered against him, striking Defendant Raymond Worrell's answer, and entering default against Defendant Raymond Worrell; and the Court having considered the Report and Recommendation submitted by the Honorable Ann Marie Donio, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(e); and the Court having considered the papers submitted by the parties; and for good cause shown;

IT IS on this 19th day of _JUNE_____ 2012 hereby

**ORDERED** that the Report and Recommendation is **ADOPTED**;

15

and it is further

      **ORDERED** that Plaintiffs' motion [Doc. No. 18] shall be, and is hereby, **GRANTED**; and it is further

      **ORDERED** that Defendant Raymond Worrell's answer is hereby **STRICKEN**; and it is further

      **ORDERED** that the Clerk of the Court shall enter default against Defendant Raymond Worrell.

                                 _____

                                  JOSEPH E. IRENAS
                                  UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SHARON HUNT-RUBLE, as Administrator of the Estate of EDWIN R. RUBLE, Deceased, et al., | |
| Plaintiffs, | Civil No. 10-4520 (JEI/AMD) |
| v. | |
| LORD, WORRELL & RICHTER, INC., et al., | |
| Defendants. | |

## REPORT AND RECOMMENDATION

THIS MATTER comes before the Court by way of motion [Doc. No. 18] of Plaintiffs, Sharon Hunt-Ruble, Norman A. Eccleston, Leo Zube, and Keith Hohenstein, seeking an order directing Defendant Raymond Worrell to show cause why sanctions should not be entered against him, striking Defendant Raymond Worrell's answer, and entering default against Defendant Raymond Worrell. This Report and Recommendation is made pursuant to 28 U.S.C 636(b)(1)(B). For the reasons set forth herein, the Court respectfully recommends striking Defendant Raymond Worrell's answer.[1]

---

[1]The Court notes that the answer to Plaintiffs' complaint was only entered on behalf of Defendant Worrell as an individual due to the requirement that a corporation be represented by counsel. (See Letter addressed to Raymond L. Worrell advising that a corporation must be represented by counsel [Doc. No. 6] 1, Nov. 5, 2010.) The Court further notes that Defendant Lord, Worrell and Richter, Inc. failed to file an answer to Plaintiffs' complaint.

The background of this case is set forth in the Court's Order dated October 17, 2011 as follows:

> Plaintiffs filed the complaint in this action on September 3, 2010, generally alleging that Defendants Lord, Worrell and Richter, Inc., and Raymond Worrell, President of the corporation, "intentionally failed to pay Plaintiffs wages earned during their employment" in violation of the Fair Labor Standards Act, the New Jersey State Wage and Hour Laws, and the New Jersey Wage Payment Law. (See generally Compl. [Doc. No. 1] ¶¶ 1, 53-69.) Plaintiffs also assert claims for breach of contract and unjust enrichment based on Defendants' failure to pay wages. (Id. at ¶¶ 1, 70-78.) On November 4, 2010, Defendants filed a combined pro se answer to Plaintiffs' complaint. (See generally Answer [Doc. No. 5].) The answer was only entered on behalf of Defendant Worrell as an individual due to the requirement that a corporation be represented by counsel. (Letter dated November 5, 2010 [Doc. No. 6] 1.) Defendant Lord, Worrell and Richter, Inc. failed to file a proper answer to Plaintiffs' complaint.
>
> On February 4, 2011, the Court entered a Scheduling Order setting an in-person scheduling conference for March 8, 2011. (Scheduling Order [Doc. No. 7] ¶ 1, Feb. 4, 2011.) At the March 8, 2011 initial scheduling conference Richard Schwartz, Esq., appeared on behalf of Plaintiffs, but Defendant Worrell failed to appear and the Court adjourned the conference. (Minute Entry [Doc. No. 8] 1, Mar. 8, 2011. See also Scheduling Order [Doc. No. 9] 1, Mar. 15, 2011.) By Scheduling Order dated March 15, 2011, the Court rescheduled the conference in this matter for April 1, 2011 and directed Defendant Worrell to "submit a letter to the Court indicating the reasons for failing to appear" at the March 8, 2011 conference by no later than March 25, 2011. (Scheduling Order [Doc. No. 9] ¶¶ 1-2, Mar. 15, 2011.) Defendant Worrell failed to submit a letter to the Court and also failed to appear at the rescheduled April 1, 2011 initial scheduling conference. (Minute Entry [Doc. No. 10] 1, Apr. 1, 2011.) Richard Schwartz, Esq. appeared at the April 1, 2011 conference on behalf of Plaintiffs. (Id.)
>
> On April 12, 2011, Plaintiffs filed a motion [Doc. No. 11] requesting the Clerk of the Court to enter default against Defendant Lord, Worrell and Richter, Inc.

2

(Mot. for an Order to Show Cause [Doc. No. 12] ¶ 12.)
Plaintiffs' motion attached a certificate of service
certifying that the motion papers were served on
Defendant Lord, Worrell and Richter, Inc., via first-
class mail and certified mail, postage prepaid at 651
High Street, Burlington, New Jersey 08106 [footnote
omitted]. (Certificate of Service to Motion for Entry of
Default [Doc. No. 11] 1.)  The Clerk of the Court entered
default against Defendant Lord, Worrell and Richter,
Inc., for its failure to plead or otherwise defend this
action.  Plaintiffs subsequently filed [a] motion on May
23, 2011 based in part on Defendant Worrell's failure to
comply with the Court's March 15, 2011 Scheduling Order.
However, on May 31, 2011, the Court's March 15, 2011
Scheduling Order sent to Defendant Worrell at the 651
High Street address was returned to the Clerk as
undeliverable and stamped "Return to Sender: Not
Deliverable as Addressed, Unable to Forward".  (Mail
Returned as Undeliverable [Doc. No. 13] 1, May 31, 2011.)

(Order [Doc. No. 14] 1-4, Oct. 17, 2011.)

On May 23, 2011, Plaintiffs filed a motion for an order
to show cause why Defendant should not be held in contempt and for
sanctions.  (Mot. for Sanctions [Doc. No. 12] 1, May 23, 2011.)  By
Order dated October 17, 2011, the Court denied without prejudice
Plaintiffs' motion.  (Order [Doc. No. 14] 6, Oct. 17, 2011.)  The
Court also issued an Order "to **SHOW CAUSE** why an Order to strike
Defendant Raymond Worrell's answer for failure to notify the Court
of Defendant Raymond Worrell's change in address should not be
entered[.]."  (Order to Show Cause [Doc. No. 15] 2, Oct. 17, 2011
(emphasis in original).)  The Court's Order further provided that,
"**FAILURE TO APPEAR** in response to this Order to Show Cause may
result in the imposition of sanctions, including striking Defendant
Raymond Worrell's answer[.]"  (Id. (emphasis in original).)

3

The docket reflects that the Clerk of Court sent the October 17, 2011 Order to Show Cause to Defendant Raymond L. Worrell by regular and certified mail to both addresses listed on the complaint [Doc. Entry, Oct. 18, 2011]. However, both mailings were returned as undeliverable. (Mail Returned as Undeliverable [Doc. No. 16] 1, Oct. 21, 2011; Mail Returned as Undeliverable [Doc. No. 17] 1, Oct. 24, 2011.) Defendant Worrell failed to respond to the Order to Show Cause on November 4, 2011.

Plaintiffs assert that the factors set forth in <u>Poulis v. State Farm Fire & Cas. Co.</u>, 747 F.2d 863 (3d Cir. 1984) weigh "heavily in favor of granting sanctions against Defendants." (Mem. of Law in Supp. of Pls.' Req. for an Order to Show Cause and for Sanctions [Doc. No. 20] (hereinafter, "Pls.' Mem."), 4.) Plaintiffs further contend that Defendant is personally responsible for "Defendant's ongoing failures to appear before the Court, notify the Court as to his whereabouts, [and] defend against Plaintiff's allegations in any manner since the filing of the answer[.]" (<u>Id.</u> at 5.) Plaintiffs also assert that Defendant's actions have unduly prejudiced Plaintiffs because "Plaintiffs [have] incurred substantial attorney's fees relating to Plaintiff's counsel appearance for two separate court ordered" conferences and undue delay derived from "Defendant's failure to comply with court orders or respond to Plaintiffs' communications." (<u>Id.</u>) Plaintiffs contend that Defendant has exhibited a history of dilatoriness

because Defendant has never made any attempt to explain [Defendant's] failure to respond to Plaintiffs' counsel, or the Court's orders" and "any Court orders not received by Defendant are a result of Defendant's own failure to inform the Court of his whereabouts, in direct violation of L. Civ. P. R. 10.1(a)." (<u>Id.</u> at 6.) Plaintiffs further allege that Defendant's "ongoing failure" and "continued non-compliance" indicate his conduct is willful and that alternative sanctions would be ineffective. (<u>Id.</u>) Finally, Plaintiffs contend that "Defendant's pleading makes it impossible to evaluate whether Defendant plans to raise any meritorious defense[.]" (<u>Id.</u> at 7.) Plaintiffs thus seek sanctions in the form of "striking Defendant's answer, and entering default against Defendant Raymond Worrell." (<u>Id.</u> at 7.)

FED. R. CIV. P. 16(f)(1) provides that a court may "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." FED. R. CIV. P. 16(f)(1)(C). FED. R. CIV. P. 37(b)(2)(A) provides in pertinent part:

> If a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders. They may include the following:
>
> . . .
>
> (iii) striking pleadings in whole or in part;
>
> . . .

5

> (vi) rendering a default judgment against the
> disobedient party.

FED. R. CIV. P. 37(b)(2)(A).   Local Rule 10.1(a) provides that

"[c]ounsel and/or unrepresented parties must advise the Court of

any change in their or their client's address within seven days of

being apprised of such change by filing a notice of said change

with the Clerk.  **Failure to file a notice of address change may**

**result in the imposition of sanctions by the Court.**"  L. Civ. R.

10.1(a)(emphasis added).

Generally, in "deciding whether sanctions that 'deprive

a party of the right to proceed with or defend against a claim' are

appropriate, the Court considers the [] factors set forth by the

Third Circuit in <u>Poulis v. State Farm Fire & Cas. Co.</u>." <u>Chiarulli</u>

<u>v. Taylor</u>, No. 08-4400, 2010 WL 1371944 at *2 (D.N.J. Mar. 31,

2010).  The factors set forth in <u>Poulis</u> are:

> (I)  the extent of the party's personal
> responsibility;
>
> (ii)  the prejudice to the adversary caused by
> the failure to meet scheduling orders and
> respond to discovery;
>
> (iii)  a history of dilatoriness;
>
> (iv)  whether the conduct of the party or the
> attorney was willful or in bad faith;
>
> (v)  the effectiveness of sanctions other than
> dismissal, which entails an analysis of
> alternative sanctions; and
>
> (vi)   the meritoriousness of the claim or
> defense.

<u>Poulis v. State Farm Fire & Cas. Co.</u>, 747 F.2d 863, 868 (3d Cir. 1984).

The Court first finds that dismissal at this time is appropriate because of Defendant's failure to provide an accurate address. In this regard, the Court notes that "when a litigant's conduct makes adjudication of the case impossible, such balancing under *Poulis* is unnecessary." <u>McLaren v. NJ State Dept. of Educ., et al.</u>, No. 11-4585, 2012 WL 666669, at *1 (3d Cir. 2012)(citing <u>Guyer v. Beard</u>, 907 F.2d 1424, 1429-30 (3d Cir. 1990)). The Third Circuit in <u>McLaren</u> held that the district court did not abuse its discretion in dismissing plaintiff's case as a sanction for failing to provide the court with an accurate mailing address. <u>Id.</u> In <u>McLaren</u>, the plaintiff was mailed a notice of call for dismissal and other court orders, but each mailing was returned as undeliverable. <u>Id.</u> The Third Circuit concluded that the district court "had little choice as to how to proceed" and found that an "'order to show cause why dismissal was not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail.'" <u>Id.</u> (quoting <u>Carey v. King</u>, 856 F.2d 1439, 1441 (9th Cir. 1988)(affirming the dismissal of plaintiff's case as a sanction for failure to provide the court with an accurate mailing address)). The Third Circuit further found that dismissal by the district court was an appropriate sanction for plaintiff's failure to provide the Court with an

7

accurate mailing address.  Id.  Here, just as in McLaren, Defendant

has failed to provide the Court with an accurate mailing address

and as a result Orders mailed to Defendant have been returned to

the Court as undeliverable.  (See Mail Returned as Undeliverable

[Doc. No. 16] 1, Oct. 21, 2011; Mail Returned as Undeliverable

[Doc. No. 17] 1, Oct. 24, 2011.)  Therefore, the Court finds that

dismissal is  appropriate.

     The Court further finds that under the Poulis factors,

striking Defendant Worrell's answer is also warranted.  As to the

first Poulis factor, the Court finds that Defendant Worrell is

personally responsible for his failure to appear before the Court

on November 4, 2011 pursuant to the October 17, 2011 Order to Show

Cause.  The Court notes that the Court's first Order dated February

4, 2011 was not returned as undeliverable.  Because Defendant

Worrell is proceeding pro se in this action rather than through

counsel, he is directly responsible for his conduct in this

litigation, particularly in his failure to comply with the Court's

Orders and to advise the Court of any change in his address.  See,

e.g., Shandex Indus. Inc. v. Vent Right Corp., No. 09-4148, 2011 WL

6132439, at *4 (D.N.J. Dec. 8, 2011)(holding the defendant, a pro

se litigant, personally responsible for failure to comply with

court orders and failure to appear without explanation); Hoxworth,

980 F.2d at 920 (noting that, as pro se litigants, defendants "had

personal responsibility for the conduct of the litigation");

Corbin, 908 F.2d at 1148 (affirming the district court's finding
that the defendant bore personal responsibility for discovery
misconduct).  Accordingly, the Court finds that the first Poulis
factor weighs in favor of striking Defendant's pleadings.

As noted in Chiarulli, "[u]nder the second Poulis factor,
the Court examines the prejudice to other parties caused by the
delay, including considering whether the party's conduct has
resulted in 'extra costs, repeated delays, and the need to file
additional motions in response to the abusive behavior of the
responsible party.'" 2010 WL 1371944, at *3 (quoting Huertas v.
City of Phila., Civ. A. No. 02-7955, 2005 WL 226149, at *3 (E.D.Pa.
Jan. 26, 2005), aff'd, 139 F. App'x 444 (3d Cir.), cert. denied,
546 U.S. 1076 (2005).)  As this Court further noted in Chiarulli,
"[a] party may also be prejudiced if its 'ability to prepare
effectively a full and complete trial strategy' is impeded." 2010
WL 1371944, at *3 (citing Ware v. Rodale Press, Inc., 322 F.3d 218,
222 (3d Cir. 2003)).  Accordingly, this Court stated that "[a]
finding of prejudice to the opposing party under Poulis 'weighs
heavily in favor of dismissal.'" Id. (citing Huertas, 2005 WL
226149, at *3).

In the present case, Plaintiffs are prejudiced by
Defendant's failure to appear because Plaintiffs are unable to move
beyond the discovery phase of litigation.  See Hoxworth, 980 F.2d
at 920 (finding prejudice to plaintiffs because defendants'

9

discovery responses were "never adequately made[.]"); <u>Cotapaxi Mfg.</u> <u>v. Pac. Design and Mfg., Inc.</u>, No. 07-4378, 2009 WL 749477, at *3 (D.N.J. Mar. 18, 2009)(finding "palpable" prejudice where plaintiff was incapable of prosecuting claims due to defendants' inaction in case); <u>Ramada Worldwide, Inc. v. NPR Hospitality, Inc.</u>, No. 06-4966, 2008 WL 163641, at *4 (D.N.J. Jan. 16, 2008) (finding prejudice because plaintiff was "unable to engage in discovery or otherwise pursue its claims "due to [d]efendants' failure to actively participate in the litigation of this case."). The Court notes that Plaintiffs' counsel appeared for two initial scheduling conferences on March 8, 2011 and April 1, 2011. (Minute Entry [Doc. No. 8] 1, Mar. 8, 2011; Minute Entry [Doc. No. 10] 1, Apr. 1, 2011.) The Court further notes Plaintiffs' representation that such appearances resulted in "substantial attorney's fees[.]" (Pls.' Mem. 5.) Accordingly, the Court finds that the second <u>Poulis</u> factor weighs in favor of striking Defendant's answer.

"Under the third <u>Poulis</u> factor, the Court examines whether there is a pattern of dilatoriness. 'Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders.'" <u>Chiarulli</u>, 2010 WL 1371944, at *3 (quoting <u>Adams v. Trs. of N.J. Brewery Emp.'s Pension Trust Fund</u>, 29 F.3d 863, 874 (3d Cir. 1994)(citing <u>Poulis</u>, 747 F.2d at 868)). Defendant's failure to appear at scheduled conferences indicates a

10

history of dilatoriness.   The delay in this case caused by Defendant's conduct weighs in favor of striking Defendant's pleadings.

"The fourth factor set forth in <u>Poulis</u> is whether [Defendant's] conduct is willful or in bad faith. In the context of discovery sanctions, willfulness and bad faith 'involve[ ] intentional or self-serving behavior.' By contrast, 'negligent behavior' or 'failure to move . . . with dispatch' — even if 'inexcusable' — will not suffice to establish willfulness or bad faith." <u>Chiarulli</u>, 2010 WL 1371944, at *3 (quoting <u>Adams</u>, 29 F.3d at 875).   However, where the record is unclear as to whether a party acted in bad faith, a consistent failure to obey orders of the court, "at the very least, renders [a party's] actions willful for the purposes of the fourth <u>Poulis</u> factor." <u>Martino</u>, 2007 WL 1959226, at *5 (citing <u>Gillian v. Cape May Cnty. Corr.</u>, No. 05-1177, 2006 WL 3454864, at *3 (D.N.J. Nov. 28, 2006)).   In this case, Defendant Worrell has proffered no excuse for failing to comply with court orders.   As discussed above, the docket lacks any indication that Defendant failed to receive the Court's Order dated February 4, 2011.   The Court finds that Defendant's conduct is not the result of negligence, but rather constitutes a willful failure to participate in this litigation.   <u>See</u> <u>Jackson Hewitt, Inc. v. Adams</u>, No. 04-3610, 2006 WL 1457989, at *3 (D.N.J. May 22, 2006) ("Defendant's failure to comply with the Court's order and his

11

discovery obligations, as well as his failure to offer any explanations for his noncompliance must be construed as evidence of defendant's bad faith.")  Accordingly, the fourth <u>Poulis</u> factor also weighs in favor of striking Defendant's answer.

     With respect to the fifth <u>Poulis</u> factor, the Court finds that alternative sanctions would be ineffective.  Defendant's lack of participation demonstrates an intention to no longer litigate this case.  The Court concludes that alternative sanctions would not prompt Defendant to comply.  <u>See</u> <u>Genesis Eldercare Rehab.</u> <u>Servs., Inc. v. Beam Mgmt., LLC</u>, No. 07-1843, 2008 WL 1376526, at *2 (E.D. Pa. Apr. 9, 2008) (defendant "has demonstrated its complete neglect of its obligations as a litigant in this matter. Given [defendant's] willful non-compliance, we do not believe that a monetary sanction would be sufficient in this case. . . . [A] sanction such as the award of attorney fees would do nothing to suddenly prompt [defendant's] compliance with the Court's orders.") Therefore, the Court finds that the appropriate sanction for Defendant's failure to comply with a court order and failure to defend against Plaintiffs' claims is striking Defendant's answer.

     The final <u>Poulis</u> factor is the meritoriousness of Defendant's defenses and third-party claims.  A court must consider whether "the allegations of the pleadings, if established at trial, would support recovery by the plaintiff or would constitute a complete defense." <u>Poulis</u>, 747 F.2d at 869-70.  A court, however,

is not required to "balance both parties' claims and defenses" or "have a mini-trial before it can impose a default." Hoxworth, 980 F.2d at 922.   Thus, where "both sides' positions appear[] reasonable from the pleadings," the "meritoriousness factor" is "neutral and not dispositive" in the Poulis analysis.   See Curtis T. Bedwell & Sons, Inc. v. Int'l Fid. Ins. Co., 843 F.2d 683, 696 (3d Cir. 1988)(noting that "[t]here is no indication . . . that in order to meet the meritoriousness factor supporting dismissal in Poulis the defense must be compelling and, at all events, one Poulis factor is not controlling."); see also Hoxworth, 980 F.2d at 922 ("[U]nless the pleading asserted a dispositive defense (or claim), the issue of meritoriousness would be neutral."). Defendant's answer denies Plaintiffs' allegations of violations of the Fair Labor Standards Act, the New Jersey State Wage and Hour Laws, and the New Jersey Wage Payment Law.   (See Answer [Doc. No. 5] ¶¶ 18-33, Nov. 4, 2010.)   Based on the pleadings, the Court cannot conclude for purposes of the present motion that Defendant's defenses are without merit.   Therefore, the sixth Poulis factor does not weigh in favor of or against striking Defendant's answer.

As the Court previously noted, "Poulis requires the District Court only to balance the six factors and does not set one factor forth as determinative." Chiarulli, 2010 WL 1371944, at *4 (citing Poulis, 747 F.2d at 868-70.   Here, the Poulis factors weigh in favor of striking Defendant's answer.

Consequently, for the reasons set forth above, the Court respectfully recommends that the motion for sanctions be granted and Defendant's answer be stricken.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service pursuant to L. CIV. R. 72.1(c)(2) and FED. R. CIV. P. 72(b).


s/ Ann Marie Donio
ANN MARIE DONIO
UNITED STATES MAGISTRATE JUDGE

Dated:  May 25, 2012

14