UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHARON HUNT-RUBLE, Administrator, et al., | HONORABLE JOSEPH E. IRENAS |
| Plaintiffs, | CIV. ACTION NO. 10-4520 (JEI/AMD) |
| v. | |
| LORD, WORRELL & RICHTER, INC., et al., | **ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT (Docket No. 25)** |
| Defendants. | |

**APPEARANCES:**

SWARTZ LEGAL LLC
By: Richard Steven Swartz, Esq.
1878 Marlton Pike East, Suite 10
Cherry Hill, New Jersey 08003
       Counsel for Plaintiffs

RAYMOND L. WORRELL, *pro se*
651 High Steet
Burlington, New Jersey 08016

**IRENAS**, Senior District Judge:

    This matter having appeared before the Court upon Plaintiffs' Complaint seeking to recover unpaid wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and New Jersey state law[1] and instant Motion for

---

[1] The Court exercises federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental

1

Default Judgment pursuant to Fed. R. Civ. P. 55(b)(1) (Docket # 25); the Court having considered Plaintiffs' submissions, no appearance having been entered by Defendant Lord, Worrell & Richter, Inc., *pro se* Defendant Raymond Worrell's Answer having been previously stricken by Order of this Court, and it appearing that:

    1.   Plaintiffs seek to recover unpaid wages for the period May, 2007 to January, 2010. Plaintiffs assert that Defendant Lord, Worrell, & Richter, LLC, through its President, Defendant Raymond Worrell, deliberately paid them less than their hourly wage, promising to later make-up the shortfall, but never did.

    2.   Both Defendants executed valid Waivers of Service in this case. (Docket Entry # 4; Swartz Decl. ¶ 2)

    3.   The relevant facts and procedural history of this case are set forth in detail in Magistrate Judge Donio's May 25, 2012 Report and Recommendation which the undersigned adopted by Order dated June 19, 2012. In the Report and Recommendation, Magistrate Judge Donio observed that several times, over the course of more than a year, mail sent to Defendants was returned to the Court as undeliverable, and Defendant Worrell never appeared for in-person conferences with the Court.

---

jurisdiction pursuant to 28 U.S.C. § 1367.

4. Applying the *Poulis* factors[2], Magistrate Judge Donio concluded that Defendant Worrell's Answer should be stricken and default should be entered against him. The undersigned's Order of June 19, 2012 struck the Answer and directed the Clerk to enter default.

5. Default had been previously entered against Defendant Lord, Worrell, & Richter because it never retained its own attorney or filed an answer separate from Defendant Worrell.

6. Plaintiffs presently move for default judgment against both Defendants, and the Court agrees that judgment by default is warranted.

7. "Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).[3]

---

[2] *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

[3] While *Chamberlain's* procedural posture is somewhat different from this case in that the defendant in *Chamberlain* untimely answered the Complaint (as opposed to not appearing at all), 210 F.3d at 157, 164, courts in this District have extended *Chamberlain* to cases where the defendant has failed to appear and the motion for default judgment is unopposed. *See, e.g., Mancuso v. Tyler Dane, LLC*, No. 08-5311, 2012 U.S. Dist. LEXIS 60707 (D.N.J. May 1, 2012) (Rodriguez, Senior District Judge); *Coach, Inc. v. Fashion Paradise, LLC*, No. 10-4888, 2012 U.S. Dist. LEXIS 7429 (D.N.J. Jan. 20, 2012) (Simandle, Chief District Judge);

3

8.   The *Poulis* factors-- (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense --substantially overlap with the above-recited *Chamberlain* factors.  Thus, this Court has already concluded that Defendants' delay is due to culpable conduct, and that Plaintiffs have been prejudiced "because Plaintiffs are unable to move beyond the discovery phase of litigation."  (See Report and Recommendation ("R & R") at pp. 8-11)

9.   Additionally, the Court concludes that if default is denied, Plaintiffs will be further prejudiced by Defendants' continued pattern of non-participation in this suit.  Without default judgment, it appears very likely that Plaintiffs claims will never be adjudicated.

10.  Lastly, in the Report and Recommendation, Magistrate Judge Donio concluded that "[b]ased on the pleadings, the Court cannot conclude for purposes of the present motion that Defendants's defenses are without merit." (R & R, p. 13)  Now,

---

*Eastern Constr. & Elec., Inc. v. Universe Techs., Inc.*, No. 10-1238, 2011 U.S. Dist. LEXIS 1600 (D.N.J. Jan. 6, 2011) (Kugler, District Judge).

however, Defendant Worrell's Answer has been stricken and the allegations of the Complaint are deemed admitted.  *See* Fed. R. Civ. P. 8(b)(6) ("An allegation-- other than one relating to the amount of damages-- is deemed admitted if a responsive pleading is required and the allegation is not denied.").  Thus, the Court concludes that Defendants do not have a litigable defense.

    11.  With regard to damages, Plaintiffs each submit declarations specifically accounting for how much they were underpaid.  They seek the amount of underpayment plus that same amount in liquidated damages, to which they are entitled under the FLSA.  *See* 29 U.S.C. § 216(b).

    And for good cause shown,

    **IT IS** on this 18th of September, 2012,

    **ORDERED THAT:**

1. Plaintiffs' Motion for Default Judgment (Docket # 25) is hereby **GRANTED**;

2. A monetary judgment is hereby **AWARDED** as follows:
   (a) to Plaintiff Sharon Hunt-Ruble, as administrator of the estate of Edwin Ruble, $234,060.00;
   (b) to Plaintiff Leo Zube, $259,860.00;
   (c) to Plaintiff Keith Hohenstein, $156,500.00; and
   (d) to Plaintiff Norman Eccleston, $162,580.00.

3.  Plaintiffs are to serve on Defendants a copy of this Order and the accompanying Judgment within seven (7) days;

4.  The Clerk of the Court is hereby directed to **CLOSE THIS FILE**.

                                                    s/ Joseph E. Irenas
                                                **JOSEPH E. IRENAS**
                                                Senior United States District Judge